IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

RICHARD WINFREY, JR.,                    )
                                         )
          Plaintiff,                     )
                                         )
     v.                                  )     No. 4:10-CV-1896
                                         )
SAN JACINTO COUNTY, et al.,              )
                                         )     Judge Lynn N. Hughes
          Defendants.                    )

## RULE 56(D) AFFIDAVIT

Pursuant to Fed. R. Civ. P. 56(d), I, Gayle Horn, under oath and penalty of perjury, state

the following:

1.     I am over 18 years of age.

2.     I am an attorney at Loevy & Loevy, the law firm representing Plaintiff Richard

Winfrey, Jr.  I am familiar with the allegations raised in Winfrey v. San Jacinto County, et. al.,

No. 10 CV 1896.

3.     With regard to this case, I have reviewed the pleadings and the documents that

have been exchanged to date, consisting largely of police reports and the videos of Defendant

Pikett's scent lineups.  I have also reviewed the trial transcripts from Richard Winfrey, Jr.'s,

Megan Winfrey's and Richard Winfrey, Sr.'s criminal trial, interviewed a number of witnesses in

the case and spoken with experts and/or reviewed expert reports regarding Defendant Pikett's

fraudulent dog scent lineups.

4.     In this case, Plaintiff alleges that his due process rights under the United States

Constitution were violated and that the Defendants entered into a conspiracy to do so.  He has

also alleged that his state law rights to be free of malicious prosecution and the abuse of process

were violated.  Finally, Plaintiff alleges that the policies and practices of San Jacinto County and the Fort Bend County Sheriff – namely, their failure to provide any type of oversight for Defendant Pikett and his attendant dog scent lineups – was the moving force behind the constitutional violations.

5.    To date, Plaintiff has not been allowed to serve any written or oral discovery. Instead, this Court ordered a very limited exchange of preliminary documents – the police reports, the criminal history of the snitch and documents memorializing the dog scent lineups – and then permitted the Defendants to file for summary judgment.  See Dckt Nos. 24 & 30.

6.    The Defendants have now moved for summary judgment, attaching to each of their briefs affidavits that simply deny the allegations that Plaintiff has lodged.  These self-serving affidavits are no different than the answers routinely provided in civil litigation and have never been subject to challenge.  See Dckt Nos. 45-47.  Indeed, because Plaintiff has not been able to undertake any meaningful discovery, Plaintiff has been unable to create a factual record with which to oppose Defendants' Summary Judgment motions.

7.    Based on the very limited record that has been created to date, interviews with various witnesses and Plaintiff's investigation into Defendant Pikett's fraudulent scent lineups, Plaintiff believes that the Defendants are not entitled to qualified immunity.  On that score, Plaintiff expressly incorporates the statement of facts that he has provided this Court in his responses to the Defendants' motions for summary judgment.

8.    If this Court were to permit Plaintiff to conduct oral and written discovery, Plaintiff would be able to secure the proof necessary to demonstrate the violation of his constitutional rights.  In particular, Plaintiff believes that the following discovery would show

2

that the Plaintiff's due process rights were violated by the Defendants individually and in conspiracy with one other:

  a.  Deposition testimony from the Defendants challenging the assertions made in their self-serving affidavits and in the police reports, and corroborating Plaintiff's allegations that Pikett was used to fraudulently "close" the case against Plaintiff. For example, Plaintiff would like to question Defendant Pikett about any conversations he had with Defendants Huff, Duff, Rogers and Johnson regarding the dog scent lineups, about where Piket located the filler scents that were used for the lineups, about what types of records Pikett keeps on the reliability of his dogs, and so forth.  Similarly, Plaintiff would like to question Defendants Huff, Duff, Rogers and Johnson about their decision to use Pikett's lineups for their cases, about their involvement in the lineups, and about the police investigations more generally, including how they came to focus in on Plaintiff, why they fabricated certain search warrants and why they failed to pursue more obvious alternative offenders like Tracy Brown.

  b.  Deposition testimony of David Campbell, the snitch, who will confirm that the Defendants were trying to frame Plaintiff and who was coerced and coached into implicating Plaintiff.

  c.  Deposition testimony of third party police officers who were present for the scent lineups to corroborate that the lineups were a fraud.  For example, Plaintiff believes that if challenged, the deponents will testify that the lineups were set up so that Defendant Pikett could see where the scents were placed and thereby cue his dogs and rig the results of the lineups.

3

d.  Deposition testimony of Tracy Brown, who is a likely suspect in this case, and
    who can provide information about what she told police, including the fact that
    she changed the victim's retirement policy one month before he was killed to list
    herself as the beneficiary.  In effect, Ms. Brown's testimony will not only provide
    compelling evidence of an alternate offender, but will also demonstrate that the
    police recklessly ignored probative evidence suggesting that someone else
    committed the crime for which Plaintiff was wrongfully arrested and prosecuted.

e.  Documentation showing that Tracy Brown and her husband were in financial
    trouble right before the victim was killed and demonstrating that she stood to
    profit from his death.

f.  Deposition testimony of Chris Hammond, who is a likely suspect in this case.  As
    described more fully in Plaintiff's briefs, Mr. Hammond had blood on his
    shoestrings consistent with the bloody footprint left by the offender and a cut on
    his face consistent with having been in a fight.

g.  Affidavits and deposition testimony from as yet unidentified third-party witnesses
    establishing Defendants' egregious abuses.

h.  Documentation of Defendant Pikett's purported training to refute his assertion
    that he was well-trained in dog scent lineups (as opposed to dog trailing); any
    records that Pikett has regarding the reliability of his dogs to refute his assertion
    that his dogs are virtually infallible; and documentation of where the scent sample
    fillers that were used in the lineups were taken and stored.

i.  Deposition testimony of a Fed. R. Civ. P. 30(b)(6) witness from the San Jacinto
    County Sheriff's Office, Texas Rangers and the Fort Bend County Sheriff's

4

Office discussing the respective practices and training required for use of dog scent lineups, as well as the oversight that is undertaken on police officers using and practicing dog scent lineups.  Plaintiff believes this evidence will demonstrate that there was absolutely no oversight over Defendant Pikett and the officers utilizing his services, and that Pikett, therefore, was allowed to act with impunity.

j.  Documentation of the chain of custody for all of the scent samples used, including for the collection and storage of scent samples, which will show that the Defendants knowingly contaminated samples, used degraded or old samples and otherwise showed a disregard for the integrity of the dog scent lineups.

k.  Deposition and documentary evidence to show that the magistrates' findings of probable cause and the grand jury indictments were at least in part based on Defendant Pikett's dog scent lineups, including but not limited to deposition of the prosecuting attorneys.

l.  The reports of all cases in which Pikett has performed dog scent lineups and the attendant dog scent videos to show that Defendant Wright was aware that Pikett was a fraud but turned a blind eye to his misconduct.

m.  Internal memos, emails and documents from Texas Rangers, San Jacinto County and Fort Bend County Sheriff's Office indicating that both knew that Pikett was a fraud.

n.  A complete copy of the reports memorializing the dog scent lineups in this case. As Plaintiff's scent discrimination expert Steven Nicely has averred, he has a copy of the report that Pikett created of the "drop trail" that is substantively different from the report that was produced to Plaintiff during this litigation.  As

5

Mr. Nicely has explained, the copy of the report of the "drop trail" that he has was produced during <u>Buchanek v. City of Victoria</u>, No. V-08-08 (S.D. Tex.) and is under a protective order

o. Any other evidence in Defendants' control related to the allegations against them.

9. Such evidence would defeat Defendants' Motions for Summary Judgment because such evidence would support the allegations in Plaintiff's Complaint and show that the Defendants knowingly committed acts that violate clearly established statutory and constitutional rights.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.


_____                    _____1/28/11_____

Gayle Horn                                    Date


6