IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD WINFREY, JR. and MEGAN WINFREY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) | 
| LENARD JOHNSON, | ) ) |
| Defendant. | ) ) |

Civil Action No.
4:10-CV-1896 & 4:14-CV-448
(consolidated)

Judge George C. Hanks

**Plaintiffs' Trial Memorandum of Law Regarding
<u>Contested Jury Instructions and Verdict Form</u>**

## TABLE OF CONTENTS

Issues to be Ruled Upon . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Summary of Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

I.    Jury Instruction Regarding Plaintiffs' Fourth Amendment Claim . . . . . . . . . . . . . 1

II.   Jury Instruction Regarding Qualified Immunity . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.  Jury Instruction Regarding Probable Cause . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV.  Pattern Jury Instructions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

V.   Verdict Form . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Rather than heed the Fifth Circuit's clear mandate on the existing claim in this case, the Defendants' instructions erroneously narrow the scope of Plaintiffs' claim and improperly seek to ask the jury to answer questions that the Fifth Circuit has already determined as a matter of law.

## Issues to be Ruled Upon

Whether Plaintiffs' proposed jury instructions and verdict form accurately reflect the law.

## Summary of Argument

Plaintiffs' proposed jury instruction on the Fourth Amendment claim correctly reflects the law. Under well-established law, the jury should not be instructed on qualified immunity. The Fifth Circuit already decided that a corrected affidavit would not have created probable cause to arrest Plaintiffs. Plaintiffs' proposed pattern jury instructions are correct and helpful to the jury. And finally, Plaintiffs' proposed verdict form accurately reflects the law.

## Argument

### I. Jury Instruction Regarding Plaintiffs' Fourth Amendment Claim

The Defendant's jury instruction relating to Plaintiffs' Fourth Amendment claim is fundamentally flawed. The instruction asks the

jury to answer questions that the Fifth Circuit has already answered as a matter of law.

As Plaintiffs have set forth in their jury instruction, the Fifth Circuit identified three pieces of evidence that were not properly included in Defendant Johnson's arrest warrant affidavits—two misrepresentations relating to Campbell and one misstatement about Pikett's drop trail. To that end, the Fifth Circuit explained that Defendant Johnson's affidavits:

> (1) omit[ed] Campbell's statements that were contradicted by the physical evidence; (2) misstat[ed] that Pikett's drop-trail from Burr's house to the Winfrey house used Junior's scent, when the drop-trail actually used Hammond's scent; and (3) omitt[ed] Campbell's inconsistencies between his statements, that is, between Campbell's first statement—which was related in the affidavit—that said that Megan and Junior helped Senior to murder Burr and Campbell's inconsistent later statement that Senior's cousin was the accomplice.

*Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018) ("*Winfrey II*"); *see also Winfrey v. Johnson*, 766 F. App'x 66, 70-71 (5th Cir. 2019) ("*Winfrey III*") ("[*Winfrey v. Rogers*] held that the affidavits contained material misrepresentations and omissions, and that a 'corrected' affidavit would not have satisfied the probable-cause requirement. *Id.* at 496 . . . Because the panel in *Winfrey II* rejected most of the same objections Johnson now raises, Johnson is precluded from relitigating these issues.").

2

There is no dispute that none of this information was included in the affidavit. Indeed, a simple read of the affidavit proves as much. *See* Ex. 1 (Arrest Warrant Affidavit for Megan Winfrey). There is also no dispute among the parties that this information was collected during the criminal investigation into Burr's death: It is all memorialized in reports that are part of the San Jacinto County file for that death. As a result, the jury does not need to make any determinations about whether this information was included or not in the affidavit.

Likewise, the jury also does not have to make a probable cause finding. The Fifth Circuit has already determined that a corrected affidavit that properly includes the inconsistencies in Campbell's statements and excises the erroneous drop trail information would not support a finding of probable cause. On that score, the Court expressly held that "a corrected affidavit would not show probable cause to arrest Junior." *Winfrey II*, 901 F.3d at 496. The same result obtains for Plaintiff Megan Winfrey. *Winfrey III*, 766 F. App'x at 70-71. Therefore, the jury does not need to make a determination on this score; it has already been decided as a matter of law.

Instead, the only issue before the jury is whether Defendant Johnson made the misrepresentation regarding the drop trail and omissions regarding Campbell recklessly, intentionally or knowingly.

3

*See Winfrey II*, 901 F.3d at 498 ("The primary question on remand appears to be whether Johnson acted recklessly, knowingly, or intentionally by presenting the judge with an arrest-warrant affidavit that contained numerous omissions and misstatements."); *Winfrey III*, 766 F. App'x at 70-71 (the case was" remanded for trial 'on the factual issue of whether Johnson acted recklessly, knowingly or intentionally by omitting and misrepresenting material facts in his affidavit when seeking an arrest warrant for Junior.'").

Plaintiffs' proposed claim instruction accurately reflects (a) the legal claim and (b) what the Fifth Circuit left for a jury to determine. By contrast, the Defendant's instruction not only asks the jury to re-decide legal issues that have already been decided—namely, the issue of whether a corrected affidavit establishes probable cause—but also unduly narrows the scope of Plaintiffs' legal claim. On that score, the Defendants have submitted a jury instruction that would impose liability only if Defendant Johnson "knowingly and intentionally, or with reckless disregard for the truth, **made a false statement** in the affidavit he submitted requesting warrants for Plaintiffs' arrests . . . ." Defendant's Proposed Instruction on the Fourth Amendment Claim (emphasis added). Although the Defendant cites to *Winfrey II*, notably absent from the Defendant's instruction is that Defendant Johnson can

4

be liable both for making a false statement and for making material omissions in Plaintiffs' arrest warrant affidavits. Indeed, the Fifth Circuit already identified the two omissions and single misrepresentation on which liability can be found.

## II. Jury Instruction Regarding Qualified Immunity

In addition, the Defendants have submitted an instruction to the jury on qualified immunity. This instruction is improper. The qualified immunity inquiry asks two questions: (1) did the defendant violate a constitutional right; and (2) was that right "clearly established" at the time of the challenged conduct. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The first question directly overlaps with the inquiry into underlying liability; that is, whether Johnson violated the Plaintiffs' constitutional rights.

The second inquiry, however, is distinct and evaluates whether the right that was violated was clearly established at the time of the alleged violation. Here, the Fifth Circuit has already determined that the applicable law was clearly established. *See Winfrey II*, 901 F.3d at 493-96. Specifically, the Court held that since *Franks v. Delaware*, 438 U.S. 154 (1978), it has been clearly established that a defendant's Fourth Amendment rights are violated if the police knowingly, intentionally or recklessly include false statements or omit material

information in support of probable cause and that those false statements and omissions are necessary to a finding of probable cause. *Winfrey II*, 901 F.3d at 494. As noted above, the Fifth Circuit has already determined that there were two material omissions and a falsehood in the affidavits; that those omissions and falsehood were necessary to a finding of probable cause; and that the only issue for trial is "the factual issue of whether Johnson acted recklessly, knowingly, or intentionally by omitting and misrepresenting material facts . . . ." *Winfrey II*, 901 F.3d at 488.

Given this backdrop, it is improper to instruct the jury on qualified immunity. The Court has already found that the law was clearly established. And that type of legal determination is well outside the province of the jury. *See, e.g., Brown v. Callahan*, 623 F.3d 249, 253 (5th Cir. 2010) ("Whether an official's conduct was objectively reasonable is a question of law for the court, not a matter of fact for the jury." (citing *Williams v. Bramer*, 180 F.3d 699, 703 (5th Cir. 1999)); *see Williams*, 180 F.3d at 703 ("Objective reasonableness is a matter of law for the courts to decide, not a matter for the jury.") (citing *Mangieri v. Clifton*, 29 F.3d 1012, 1015-16 (5th Cir. 1994)); *see Mangieri*, 29 F.3d at 1015-16 ("We recently determined that a district court errs in 'holding that the objective reasonableness prong of the qualified

immunity standard is generally a factual question for the jury.' Following the Supreme Court's decision in *Hunter v. Bryant*, 502 U.S. 224, 227-28 (1991), we held that in evaluating a claim of qualified immunity, the district court is to make a determination of the objective reasonableness of the official's act as a matter of law." (quoting and further citing *Lampkin v. City of Nacogdoches*, 7 F.3d 430, 435 (5th Cir. 1993)); see also Dkt. 196-1 (Doc. 269, Order, *Estate of Jordan Baker v. Castro*, No. H-15-3495 (S.D. Tex.) at 3-4 (holding that "Defendants may not argue or offer evidence that the constitutional rights at issue were not clearly established . . . .")).

Moreover, the jury will already be instructed on whether there was a violation in the first place in the proposed Fourth Amendment instruction. There is no need to instruct the jury on this again in a qualified immunity instruction; doing so will only confuse the jury.

Were there any doubt that a qualified immunity instruction is not proper here, the Fifth Circuit pattern instructions put that to rest. Although the Fifth Circuit has a pattern jury instruction on qualified immunity, the notes to that instruction clearly indicate that "[i]nstructing a jury on qualified immunity can present difficult—and often fact-based—decisions for the court" and that "[t]he qualified immunity issue 'ordinarily should be decided by the court long before

7

trial . . . .'" Pattern Civil Jury Instruction No. 10.3 n.1 (quoting *McCoy v. Hernandez*, 203 F.3d 371, 376 (5th Cir. 2000)). The Fifth Circuit has already decided the issue here negating the need for any instruction.

### III. Jury Instruction Regarding Probable Cause

The Defendant has submitted a jury instruction on probable cause. As described more fully above, the Fifth Circuit has already determined that a corrected affidavit does not establish probable cause for Plaintiffs' arrests. *Winfrey II*, 901 F.3d at 498 ("a corrected affidavit does not establish probable cause"); *see also Winfrey III*, 766 F. App'x at 70-71 ("[*Winfrey v. Rogers*] held that the affidavits contained material misrepresentations and omissions, and that a 'corrected' affidavit would not have satisfied the probable-cause requirement. *Id.* at 496 . . . Because the panel in *Winfrey II* rejected most of the same objections Johnson now raises, Johnson is precluded from relitigating these issues."). Therefore, it is not proper to instruct the jury on this issue.

However, should the Court disagree with Plaintiffs' interpretation of the Fifth Circuit opinions and choose to instruct the jury on probable cause, Plaintiffs believe the proper instruction is one that lifts language about probable cause directly from the Fifth

8

Circuit's opinion in *Winfrey*. *See* Plaintiffs' proposed instruction on probable cause.

## IV. Pattern Jury Instructions

The Defendant has objected to two of the pattern civil jury instructions: Proposed Jury Instruction No. 13, Discontinuance of Some Parties (Pattern Instruction 2.5) and Proposed Jury Instruction No. 15, Law Enforcement Testimony (Pattern Instruction 2.15). Neither objection has merit.

First, although the Defendant argues that Proposed Instruction No. 13 will confuse the jury into imposing liability on Johnson based on the bad acts of others, it will have exactly the opposite effect: It will ensure that the jury only focuses on the acts of Johnson in deciding whether Plaintiffs' rights were violated. Indeed, the instruction expressly states as much in explaining that "[a]s jurors, it is your duty to consider the issues among the remaining parties." Fifth Circuit Pattern Civil Inst. No. 2.5.

Second, the Defendant objects to the law enforcement instruction because he claims that it will unfairly imply that a different standard applies to Johnson. Again, the very text of the instruction states the opposite; that is, that a law enforcement officer's testimony is given the same weight as any other witness. Fifth Circuit Pattern Civil Inst. No.

2.15. It would be Plaintiffs who would be prejudiced if this Court did not give the instruction because a law enforcement officer's testimony is often given more weight by the virtue of their occupation.[1]

## V. Verdict Form

Finally, the Defendant's verdict form is confusing and improper.

First, in questions number one and two, the Defendant has improperly limited liability to making a material misrepresentation. As noted above, the Fifth Circuit has expressly found that there were both material omissions and a material misrepresentation in Defendant Johnson's affidavits for the arrest of Plaintiffs. Specifically, the Court found that Defendant Johnson misstated the source of the scent for the drop trail and failed to include inconsistencies in David Campbell's statements regarding who committed the crime and how the crime was committed.

Second, questions three and four are improper because they (a) include only the fact of a material misrepresentation and not the material omissions the Fifth Circuit found and (b) ask the jury to decide whether there was probable cause when the material misrepresentation is excised. Part (a) is erroneous because the affidavit

---

[1] It is also worth noting that Defendant Johnson is not the only law enforcement officer who will be testifying at the trial, and this instruction would apply equally to the other police witnesses as well.

contains misrepresentations and omissions. Part (b) is improper because the Fifth Circuit has already determined as a matter of law that there was no probable cause once Defendant Johnson's affidavits are corrected. As a result, that issue should not be put to the jury.

Third, questions five and six are improper because they submit the issue of qualified immunity to the jury; that is, they ask the jury whether Defendant Johnson's acts were lawful in light of clearly established law. As discussed above, the Fifth Circuit has already found that the law was clearly established that a reasonable officer would not include material misrepresentations and omissions in an arrest warrant affidavit. The issue for the trial, therefore, is not whether the law was clearly established or whether Defendant Johnson's acts were "lawful in light of clearly established law" but instead whether he acted with sufficient *mens rea* to impose liability. *Winfrey II*, 901 F.3d at 488.

Fourth, questions seven and eight ask the jury to determine the amount of damages in "dollars and cents." The only reason for the inclusion of this language is to suggest to the jury that the damages are small and can be measured in something as small as cents. Plaintiffs believe that the simpler and less biased way to present damages is to

11

simply ask the jury to award damages without telling them on a verdict form that it should be in "dollars and cents."

## Conclusion

For the foregoing reasons, Plaintiffs' proposed jury instructions and verdict form correctly state the law and should be given.

Respectfully Submitted:

/s/ Elizabeth Wang
Attorney for Plaintiff

| | |
|---|---|
| Gayle Horn | Elizabeth Wang – Attorney-in-Charge |
| LOEVY & LOEVY | LOEVY & LOEVY |
| 311 N. Aberdeen St. | 2060 Broadway, Suite 460 |
| Chicago, IL 60607 | Boulder, CO 80302 |
| O: 312-243-5900 | O: 720-328-5642 |
| gayle@loevy.com | elizabethw@loevy.com |

## CERTIFICATE OF SERVICE

I, Elizabeth Wang, an attorney, certify that on January 3, 2020, I filed a copy of the foregoing Plaintiff's Trial Memorandum of Law via the Court's electronic filing system and thereby served a copy on all counsel of record.

/s/ Elizabeth Wang