UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| RICHARD WINFREY, JR. AND | ) | |
|---|---|---|
| MEGAN WINFREY, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 4:10-cv-01896 |
| | ) | |
| LENARD JOHNSON, | ) | Jury |
| | ) | |
| Defendants. | ) | |

DEFENDANT'S TRIAL BRIEF

Defendant provides this brief which briefly addresses the issues anticipated at trial.

ARGUMENT AND AUTHORITIES

**I. The evidence at trial will establish that Officer Johnson is entitled to judgment in his favor because he did not violate the Fourth Amendment.**

1. Plaintiffs' pretrial submissions clearly reveal they do not want a jury to decide the material factual issues or the Court to decide the relevant legal issues. Plaintiffs', instead, urge the Court to preclude the jury from hearing the admissible evidence and prevent the jury and the Court from entering an appropriate verdict and judgment that comports with controlling legal authorities. The Court should not indulge Plaintiffs' unreasonable requests for the following reasons.

   **A. Officer Johnson did not recklessly, knowingly, or intentionally omit or misrepresent any material fact in the affidavits seeking arrest warrants.**

2. Officer Johnson did not violate the Fourth Amendment because he did not knowingly and intentionally, or with reckless disregard for the truth, make any false

statement in the affidavit he submitted when requesting warrants for Plaintiffs' arrests. See *Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 2676 (1978). Officer Johnson did not even recklessly, knowingly, or intentionally omit or misrepresent any material fact in the affidavits seeking arrest warrants. *See Winfrey v. Rogers*, 901 F.3d 483, 488 (5th Cir. 2018). In this context, "[r]ecklessness requires proof that [Officer Johnson] 'in fact entertained serious doubts as to the truth' of the statement[s]" in the affidavit. Id. at 494 (quoting *Hart v. O'Brien*, 127 F.3d 424, 449 (5th Cir. 1997)). The evidence admitted at trial will disprove a claim under this controlling standard.

> **B. When the allegedly false and misleading statements at issue in this case are eliminated from consideration, the affidavits Officer Johnson submitted nonetheless support probable cause for Plaintiffs' arrests.**

3. Appropriately evaluated, "[p]robable cause 'is not a high bar,'" *District of Columbia v. Wesby*, __ U.S. __, 138 S.Ct. 577, 586 (2018) (quoting *Kaley v. United States*, 571 U.S. 320, 338, 134 S.Ct. 1090 (2014)). "It 'requires only a probability or substantial chance of criminal activity.' [*Illinois v.*] *Gates*, 462 U.S. [213,] 243-244, n.13, [103 S.Ct. 2317 (1983)]." *Id.* at 585. *Wesby* demonstrates that, in weighing probable cause it is improper to view facts in isolation, rather than in context of all the facts. *Id.* at 588 (quoting *United States v. Arvizu*, 534 U.S. 266, 277, 122 S.Ct. 744 (2002)). "[P]robable cause does not require officers to rule out a suspect's innocent explanation for suspicious facts." *Id*. The relevant issue under the Fourth Amendment is "whether a reasonable officer could conclude – considering all of the surrounding circumstances, including the plausibility of the explanation itself – that there was a 'substantial chance of

criminal activity.'" *Id.* (quoting *Gates*, 462 U.S. at 244, 103 S.Ct. 2317). "Because probable cause 'deals with probabilities and depends on the totality of the circumstances,' *Maryland v. Pringle*, 540 U.S. 366, 371, 124 S. Ct. 795 (2003), it is 'a fluid concept' that is 'not readily, or even usefully, reduced to neat set of legal rules,' *Gates*, 462 U.S. at 232." *Wesby*, 138 S. Ct. at 586. Therefore, when the allegedly false and misleading statements at issue in this case are eliminated from consideration, the affidavits Officer Johnson submitted nonetheless support probable cause for Plaintiffs' arrests. Accordingly, Officer Johnson did not violate the Fourth Amendment.

**II.     The evidence at trial will establish that Officer Johnson is protected from liability by qualified immunity.**

4. When as here, the courts fail to decide qualified immunity before trial, it is necessary and appropriate for the jury to do so. *See Cole v. Carson*, 905 F.3d 334, 347 (5th Cir. 2018)(en banc); *Snyder v. Trepagnier*, 142 F.3d 791, 799-801 (5th Cir. 1998). "A plaintiff must clear a significant hurdle to defeat qualified immunity." *Brown v. Lyford*, 243 F.3d 185, 190 (5th Cir. 2001). "Where, as here, a section 1983 defendant pleads qualified immunity and shows he is a government official whose position involves the exercise of discretion, [a plaintiff] then has the burden 'to rebut this defense by establishing that the official's alleged wrongful conduct violated clearly established law'" *Kovacic v. Villarreal*, 628 F.3d 209, 211-212 (5th Cir. 2010) (quoting *Salas v. Carpenter*, 980 F.2d 299, 306 (5th Cir. 1992)). To overcome Officer Johnson's immunity, the Plaintiffs must – but cannot - prove immunity is not available to Officer Johnson. *See Melton v. Phillips,* 875 F.3d 256, 261 (5th Cir. 2017) (EN BANC); *Orr v. Copeland,* 844

F.3d 484, 495 (5th Cir. 2016); *Cass v. City of Abilene*, 814 F.3d 721, 728 (5th Cir. 2016). Officer Johnson's immunity does not hinge on whether his action violated the Fourth Amendment. *See Anderson v. Creighton*, 483 U.S. 635, 641, 107 S. Ct. 3034, 3040 (1987); *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S. Ct. 534, 536 (1991) (*per curiam*); *Wesby*, 138 S. Ct. at 586; *Mendenhall*, 213 F.3d at 237. Probable cause and immunity (arguable probable cause) are distinct issues that require independent analysis, evaluation, and determination. *See Pierson v. Ray*, 386 U.S. 547, 556-57, 87 S. Ct. 1213, 1219 (1967); and *Escalera v. Lunn*, 361 F.3d 737, 743 (2d Cir. 2004). Necessarily distinct from the Fourth Amendment probable cause inquiry, the different question of Officer Johnson's immunity "is **whether a reasonably well-trained officer in [Officer Johnson's] position would have known that his affidavit failed to establish probable cause and that he should not have applied for the warrant**." *Malley v. Briggs*, 475 U.S. 335, 345, 106 S. Ct. 1092 (1986). "The relevant question in this case, for example, is the objective (albeit fact-specific) question whether a reasonable officer could have believed [Officer Johnson's action] to be lawful, in light of clearly established law and the information [Officer Johnson] possessed." *Anderson*, 483 U.S. at 641, 107 S. Ct. 3034. The controlling legal standard for determining Officer Johnson's immunity is that "[e]ven law enforcement officials who 'reasonably but mistakenly conclude that probable cause is present' are entitled to immunity." *Hunter v. Bryant*, 502 U.S. 224, 227, 112 S.Ct. 534 (1991) (per curiam). Officer Johnson is immune because the record fails to establish that that no reasonable officer could have believed submitting the warrant affidavits at issue was lawful in light of clearly established law at the time.

## CONCLUSION

Officer Johnson asks the Court to apply these sound legal principles during the upcoming trial and render the appropriate final judgment in favor of Officer Johnson.

                Respectfully submitted,

By:    *Norman Ray Giles*
       WILLIAM S. HELFAND
       SBOT: 09388250
       NORMAN RAY GILES
       SBOT: 24014084

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone:   (713) 659-6767
Facsimile:    (713) 759-6830
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the Plaintiff in accordance with the District's ECF service rules on this 3rd day of January, 2019:

Elizabeth Wang
Loevy & Loevy
2060 Broadway, Suite 460
Boulder, CO 80302
O: 720.328.5642
F: 312.243.5902
elizabethw@loevy.com

Gayle Horn
Loevy & Loevy
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: 312.243.5900
F: 312.243.5902
gayle@loevy.com

Attorneys for Plaintiffs

                                              /s/ *Norman Ray Giles*