UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD WINFREY, JR. AND MEGAN WINFREY, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 4:10-cv-01896 |
| LENARD JOHNSON, | ) ) | Jury |
| Defendants. | ) ) | |

DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION IN LIMINE NO. 1

Defendant opposes Plaintiffs' Motion in Limine No 1. (Docket No. 192) for the following reasons:

ARGUMENT AND AUTHORITIES

**A. Information regarding Plaintiff's prior and dismissed claims against other defendants is relevant to the issues to be submitted to the jury on both Plaintiffs' burden of proof as well as Deputy Johnson's defense.**

1.     As one district court explained, there appears to be no authority . . . to support the proposition that evidence is irrelevant simply because it refers to claims or parties that were dismissed." *Morris v. Long*, 2012 U.S. Dist. LEXIS 59413, at *23-24 (E.D. Cal. 2012). That is because, as is the case here, "evidence and testimony related to . . . dismissed claims may also be relevant to the remaining claims and defenses." *Wright's Well Control Servs., LLC v. Oceaneering Int'l, Inc.*, 2018 U.S. Dist. LEXIS 202409, at *5-6 (E.D. La. 2018); *see also Medecor Pharma LLC v. Fleming Pharm., Inc.*, 2014 U.S. Dist. LEXIS 108103, at *3-4 (M.D. La. 2014) (there is no prohibition on "the introduction of evidence that, while

connected to [a] previously-dismissed claim, is relevant to the remaining issues for trial"); *Tunoa v. Corr. Corp. of Am.*, 2016 U.S. Dist. LEXIS 194639, at *7-9 (D. Ariz. 2016) (denying motion *in limine* seeking to bar evidence regarding dismissed defendants as irrelevant and misleading).

2.  Here, a case in which Deputy Johnson served as but one of numerous law enforcement officers among many working together in the complicated investigation involving numerous law enforcement agencies, which gives rise to Plaintiffs' claims, evidence and testimony related to all of Plaintiffs' allegations and claims, including those against those other law enforcement officials, are not only relevant but necessary for the jury's appropriate resolution of claims of liability and to provide a context for Deputy Johnson's defenses.

3.  The information Plaintiffs' tellingly seek to conceal from the jury is relevant to determining whether: (1) probable cause supported issuance of warrants; (2) an objective officer could reasonably have evaluated the affidavit Defendant submitted to establish probable cause; (3) Plaintiffs can prove, as is their burden, Defendant Johnson made a false or misleading statement with reckless disregard for the truth as opposed to an honest error; (4) a good faith showing of probable cause is established in the affidavit; and (5) Deputy Johnson caused any of the damages Plaintiffs claim and, if so, for what damages Deputy Johnson, as opposed to one of the many other officers Plaintiffs have sued, is responsible.

4.  The conduct and testimony of the officers with whom Deputy Johnson worked in deciding to submit the warrant applications is indispensable to providing the jury an understanding of Deputy Johnson's limited role, as well as his mindset, and the knowledge

he possessed at the time of the events giving rise to Plaintiffs' claims. Accordingly, the Court should deny Plaintiffs' expansive request to bar "all references to . . . dismissed claims or dismissed defendants" because doing so would deprive the jury of a relevant evidence of Deputy Johnson's limited role in and his interactions with other officers involved in the complicated investigation.

> **B. Information regarding Plaintiffs' agreements to settle with Forth Bend County for the same alleged injuries, based on the same claims Plaintiffs assert against Deputy Johnson, is admissible and should not be excluded.**

5. In addition to suing Deputy Johnson for his limited role in the investigation, Plaintiffs also sued Fort Bend County, San Jacinto County, then-current sheriff and former sheriff of San Jacinto County, the Sheriff of Fort Bend County, Fort Bend County Deputy Keith Pikett, Texas Rangers Grover Huff and Ronald Duff, *alleging each defendant personally violated Plaintiffs' rights* by causing Plaintiffs to be arrested and detained without justification. Plaintiffs' complaints demonstrate that Plaintiffs' sought damages from each defendant claiming that each defendant was responsible for causing Plaintiffs' compensatory damages by causing their arrests and detention without justification.

6. Only since Deputy Johnson became the sole remaining defendant in this suit have Plaintiffs' accusations, claims, assertion of fault, and testimony changed drastically. This change in position, and the reasons therefore are admissible evidence as such evidence is both relevant to the assessment of the degree of fault, if any, the jury may attribute to Deputy Johnson, but it is also admissible under Rule 613, F.R.E. to allow the jury to assess each Plaintiff's credibility in light of their drastic change of position regarding Deputy Johnson's role as opposed to the many others Plaintiffs have accused.

7.     While those grounds preclude the exclusion of this clearly relevant – indeed undisputed – information, it is also relevant to Plaintiffs' claim for and the jury's assessment of damages. When Plaintiffs were assessed by their mental heath expert in 2014, while Plaintiffs were prosecuting claims against several defendants, Plaintiffs' made little mention or accusation of Deputy Johnson's role in Plaintiffs' arrest and detention. However, in 2019, when Deputy Johnson was the only remaining defendant in the suit after Plaintiffs had settled claims against other defendants, Plaintiffs' deposition testimony establishes that their contentions have changed drastically.

8.     Only now Plaintiffs seek to mislead the jury by testifying that *only* Deputy Johnson violated Plaintiffs' rights and *only* Deputy Johnson allegedly caused mental harm to Plaintiffs while at the same time asking this Court to exclude relevant evidence of Plaintiffs' prior admission to the contrary. (Exhibits 1-3). Similarly, when Plaintiffs submitted to independent medical examinations by defendant's mental health expert, Plaintiffs focused all blame on Deputy Johnson and they made no allegation of wrongdoing against any of the other defendants or other people who had prominent roles in the investigation, arrests, and detentions and who, prior to settlement or dismissal were a prominent target of Plaintiffs' blame for the very same thing over which Plaintiffs are suing Deputy Johnson.

9.     This radical change is not only admissible, as Defendant's mental health expert has reported and will testify it is psychologically significant and therefore legally relevant to the element of damage Plaintiffs claim, mental anguish. Since this change in position evidences the psychological condition known as secondary gain, Plaintiffs' prior, contrary assertions of fault are equally relevant to the jury's consideration of Plaintiffs' claims for damages as they

are to questions of liability and the Plaintiffs' credibility as witnesses. Allowing Plaintiffs to mislead the jury in this way would unfairly prejudice Deputy Johnson on both issues of liability and damages.

10. Federal Rule of Evidence 408 has no bearing on this issue as it is limited to precluding evidence of "furnishing, promising, or offering—or accepting, promising to accept, or offering to accept—a valuable consideration in compromising or attempting to compromise the claim" **only when offered to either prove or disprove the validity or amount of a disputed claim**. FED. R. EVID. 408(a) (emphasis added). Indeed, Rule 408 "contains a broad exception: 'The **court may admit this evidence for another purpose**, such as proving a witness's **bias or prejudice**….'" *Ball v. LeBlanc*, 881 F.3d 346, 354 (5th Cir. 2018) (quoting FED. R. EVID. 408(b)) (emphasis added). Thus, Rule 408 only prohibits settlement agreements as evidence inasmuch as a party uses them to prove the validity or invalidity of a claim or its amount. Notes of Advisory Committee on Rules, FED. R. EVID. 408; *Barker v. Niles Bolton Assocs.*, 316 F. App'x 933, 937 (11th Cir. 2009). Deputy Johnson does not seek to admit evidence of settlements with *others* for the limited purpose prohibited by Rule 408 but, rather, as explained, for the very reasons the "broad exception" exists Rule 408 FED. R. EVID. has no bearing on this issue.

11. "Rule 408 should not exclude more than required to effectuate its goals, which, after all, run counter to the overarching policy favoring admission of all relevant evidence." *Ball*, 881 F.3d at 354 (quoting *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 299 (5th Cir. 2010)). "Courts must ensure that Rule 408 remains tethered to the rationales underlying the rule," namely the public policy in favor of compromise. *Id.* (citation omitted)

(internal quotation marks omitted). Thus, if the admission of relevant evidence does not undercut the public policy in favor of compromise, a court should not bar evidence on the basis of Rule 408. *See id.*

12. "Under § 1983, [], a government official can be held liable only for his own misconduct." *Carnaby v. City of Hous.*, 636 F.3d 183, 189 (5th Cir. 2011). Even if Deputy Johnson violated either Plaintiff's rights, Plaintiffs can only recover damages from Deputy Johnson that a Plaintiff suffered *because of Deputy Johnson's proven wrongful conduct*. The settlement agreements do not prove or disprove the validity of any claim, but instead demonstrate that the settling parties denied liability (Exhibits 4, 5). Compare, *Barker*, 316 Fed. App'x at 937 and FED. R. EVID. 408.

## CONCLUSION AND PRAYER

13. The Court should deny Plaintiffs' Motion in Limine [Doc. 192].

　　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　By:　*Norman Ray Giles*
　　　　　　　　　　　　　　　　WILLIAM S. HELFAND
　　　　　　　　　　　　　　　　Attorney-in-charge
　　　　　　　　　　　　　　　　SBOT: 09388250
　　　　　　　　　　　　　　　　NORMAN RAY GILES
　　　　　　　　　　　　　　　　SBOT: 24014084

OF COUNSEL:
LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone:　(713) 659-6767
Facsimile:　(713) 759-6830
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the Plaintiff in accordance with the District's ECF service rules on this 17th day of January, 2020:

Elizabeth Wang
Loevy & Loevy
2060 Broadway, Suite 460
Boulder, CO 80302
O: 720.328.5642
F: 312.243.5902
elizabethw@loevy.com

Gayle Horn
Loevy & Loevy
311 N. Aberdeen St., 3rd Fl.
Chicago, IL 60607
O: 312.243.5900
F: 312.243.5902
gayle@loevy.com

Attorneys for Plaintiffs

<u>*Norman Ray Giles*</u>