IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Richard Winfrey, Jr. and Megan Winfrey,<br><br>Plaintiffs,<br><br>v.<br><br>Lenard Johnson,<br><br>Defendant. | Nos. 4:10-cv-1896 & 4:14-cv-448 (consolidated)<br><br>Hon. George C. Hanks,<br>District Judge |

**PLAINTIFFS' BENCH MEMORANDUM PROPOSING**
<u>**CLARIFYING JURY INSTRUCTION**</u>

**Introduction**

During jury deliberations on Thursday, February 13, 2020, the jury twice asked for clarification on subpart 4 of Question One (on page 5 of the final Jury Charge). That subpart 4 states:

> Did Defendant Lenard Johnson knowingly and intentionally, or with reckless disregard for the truth, make the following misstatements or fact or omit the following information in the arrest-warrant affidavit for Megan Winfrey's arrest? … Omitting that David Campbell identified a cousin as participating in the murder with Richard Winfrey, Sr., instead of Megan Winfrey and Richard Winfrey, Jr.

Jury Charge at 4.[1]

The first time the jury asked for clarification on this question, the Court responded by instructing the jury to refer to the instructions they have been given. Plaintiffs did not

---

[1] Question Two is the same, except it deals with Richard Winfrey, Jr.'s arrest-warrant affidavit.

1

have an objection to the Court's response at that time; it was appropriate to instruct the jury to simply refer to the instructions they have been given.

However, after approximately another hour and half of continued deliberations, the jury asked for clarification on the same question again. Initially, the Court proposed to provide the jury with clarification with language from the Fifth Circuit opinion, *Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018), which states: "omitting Campbell's inconsistencies between his statements, that is, between Campbell's first statement—which was related in the affidavit—that said that Megan and Junior helped Senior to murder Burr and Campbell's inconsistent later statement that Senior's cousin was the accomplice." *Id.* At that time, Plaintiffs' position was that a clarification was appropriate, but that it should be taken from the language from the section of the Fifth Circuit opinion discussing what a corrected affidavit would have said, which is where the remainder of the language in the jury charge is from.[2] That section of the opinion states: "a corrected affidavit would have referred to Campbell's statement that Senior's cousin—not Megan and Junior, like he had said earlier—let Senior into Burr's house to kill Burr." *Id.* 495. Defendant objected to providing any clarifying instruction.

After further consideration, the Court decided that it would not give any clarification and would instruct the jury to refer to the instructions they have been given.

---

[2] For example, subparts 2 and 3 of Questions One and Two are nearly verbatim from that section of the *Winfrey* opinion.

## Argument

Given that the jury has now asked twice for clarification on subpart 4 of Question One, Plaintiffs respectfully urge the Court to provide the clarification requested, for the following reasons.

First, the Court's intent with respect to the jury instructions (and the trial as a whole) has always been to stay within the bounds of what the Fifth Circuit has ruled this trial is about. That is why, on page 4 of the Jury Charge, the Court instructed the jury as follows:

> The material misstatement of fact and omitted material information are as follows:
>
> - Misstating that Keith Pikett's drop trail from Murray Burr's house to the Winfrey house used the scent of Richard Winfrey, Jr. when the drop trail actually used the scent of Christopher Hammond.
>
> - Omitting David Campbell's statement that Burr was both stabbed and shot, although he was only stabbed.
>
> - Omitting David Campbell's statement that Richard Winfrey, Sr., had cut off Burr's body part, which was contradicted by the physical evidence.
>
> - Omitting that David Campbell identified a cousin as participating in the murder with Richard Winfrey, Sr., instead of Megan Winfrey and Richard Winfrey, Jr.

Jury Charge at 4. This language comes from *Winfrey*, 901 F.3d at 495-96. In other words, the Fifth Circuit already reviewed the question of whether or not the cousin was identified by Campbell as having participated in the murder with Richard Winfrey, Sr.

3

*instead of* Richard Winfrey, Jr. and Megan Winfrey. And the Fifth Circuit has determined that that was a material omission. As Plaintiffs have previously pointed out, the record before the Fifth Circuit included both the video of Campbell's interview with Johnson and Rogers in July 2006 and the transcript of that video, which have been admitted as Plaintiffs' Exhibits 130 and 131. Furthermore, this Court, on page 4 of the Jury Charge, has already instructed the jury that the material omission is that Campbell identified a cousin as participating in the murder instead of Megan Winfrey and Richard Winfrey, Jr.

In other words, the jury has been instructed that it has already been determined that what Campbell said in his second interview was that a cousin was involved *instead of* Richard Winfrey, Jr. and Megan Winfrey. The only thing that the jury is supposed to consider in Questions One and Two is whether or not Johnson acted knowingly and intentionally or recklessly in making that omission. Because they appear to be stuck on this question, they should be provided clarification directly from the Fifth Circuit's opinion. Instructing the jury based on the Fifth Circuit opinion is what the Court has intended and attempted to do all along. And so, providing clarification would not be a comment on the factual issues to be decided, particularly because the issue of whether it was a material omission that Campbell said it was the cousin *instead of* the Plaintiffs has already been decided by the Fifth Circuit. The jury has also already been told as much on page 4 of the Jury Charge.

"'When a deliberating jury expresses confusion and difficulty over an issue submitted to it, the trial court's task is to clear that confusion away with 'concrete accuracy.'" *United States v. Stevens*, 38 F.3d 167, 169-70 (5th Cir. 1994) (quoting

4

*Bollenbach v. United States*, 326 U.S. 607, 612-13 (1946)).[3] Providing the clarifying instruction would not be a comment on the ultimate factual issue to be decided—whether Johnson acted knowingly and intentionally or recklessly in making that material omission. The nature of the material omission itself has already been decided by the Fifth Circuit. *See Sandidge v. Salen Offshore Drilling Co.*, 764 F.2d 252, 262 (5th Cir. 1985) ("Although the district court has the right to comment on the evidence, it may not comment on the ultimate factual issues to be decided."). "When evaluating the adequacy of supplemental jury instructions, [the appellate court] asks[] whether the court's answer was reasonably responsive to the jury's question and whether the original and supplemental instructions as a whole allowed the jury to understand the issue presented to it." *Stevens*, 38 F.3d at 170.

The additional clarification provided by *Winfrey* would assist the jury in understanding what "instead of" means in this context, and it would further marry the

---

[3] Other Circuits consistently hold that district courts should provide clarifying supplemental instruction when jurors are harboring confusion. *See, e.g., United States v. Combs*, 33 F.3d 667, 670 (6th Cir. 1994) ("Upon receipt of questions from a deliberating jury, it is incumbent upon the district court to assume that at least some jurors are harboring confusion, which the original instructions either created or failed to clarify. Therefore, the trial judge must be meticulous in preparing supplemental instructions, taking pains adequately to explain the point that is obviously troubling the jury."); *United States v. Alvarado*, 816 F.3d 242, 248 (4th Cir. 2016) ("When the jury asks a clarifying question, the court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately without creating prejudice.") (internal quotation marks and citation omitted); *United States v. Laing*, 889 F.2d 281, 290 (D.C. Cir. 1989) (citing *Bollenbach*, 326 U.S. at 612-13) ("Where the jury explicitly reveals its confusion on an issue … the court should reinstruct the jury to clear away the confusion."); *United States v. Duran*, 133 F.3d 1324, 1334 (10th Cir. 1998) ("When a jury indicates through its queries that it is confused as to important legal standards in a case, particularly where there is an apparent basis for the confusion, it is plain error for the district court not to clarify that confusion."); *accord United States v. Si*, 343 F.3d 1116, 1126 (9th Cir. 2003).

language of the Fifth Circuit opinion with the instructions in this case. The Fifth Circuit held that "a corrected affidavit would have referred to Campbell's statement that Senior's cousin—not Megan and Junior, like he had said earlier—let Senior into Burr's house to kill Burr." *Winfrey*, 901 F.3d at 495. Thus, an appropriate clarifying instruction would be: "Omitting Campbell's statement that Senior's cousin—not Megan and Junior, like he had said earlier—let Senior into Burr's house to kill Burr." After all, this section of the Fifth Circuit opinion is the place from which the language in bullet points 1-3 came. The same should apply to bullet point 4. This would be consistent with the instructions already given and consistent with the Fifth Circuit opinion.

Alternatively, if the Court rejects this proposal, Plaintiffs propose that the Court provide an instruction that specifically refers the jury back to pages 3 and 4 of the Jury Charge, which lists the factual misstatement and the material omissions. Specifically, Plaintiffs propose an alternative clarifying instruction such as:

> You are instructed that the affidavits for the arrest warrants signed by Defendant Lenard Johnson in this case contained a material misstatement of fact and omitted material information (see page 3 of the Jury Charge). The material misstatement of fact and omitted material information are listed in bullet point form on page 4 of the Jury Charge. The material misstatements of fact and omitted material information have already been established for purposes of this case. Questions One and Two ask you to determine whether Defendant Lenard Johnson knowingly and intentionally, or with reckless disregard for the truth, made these material misstatements of fact and omitted material information in the arrest-warrant affidavits for Megan Winfrey and Richard Winfrey, Jr.'s arrests.

## Conclusion

For the foregoing reasons, Plaintiffs respectfully request that this Court give a clarifying instruction on Questions One and Two, as described above.

        Respectfully Submitted:

        /s/ Elizabeth Wang
        Attorney for Plaintiff

| | |
|---|---|
| Gayle Horn | Elizabeth Wang – Attorney-in-Charge |
| LOEVY & LOEVY | LOEVY & LOEVY |
| 311 N. Aberdeen St. | 2060 Broadway, Suite 460 |
| Chicago, IL 60607 | Boulder, CO 80302 |
| O: 312-243-5900 | O: 720-328-5642 |
| gayle@loevy.com | elizabethw@loevy.com |

## CERTIFICATE OF SERVICE

    I, Elizabeth Wang, an attorney, certify that on February 16, 2020, I filed a copy of the foregoing Plaintiffs' Bench Memorandum Proposing Clarifying Jury Instruction via the Court's electronic filing system and thereby served a copy on all counsel of record.

        /s/ Elizabeth Wang