IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| RICHARD WINFREY, JR. and MEGAN WINFREY, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civil Action No. ) 4:10-CV-1896 & 4:14-CV-448 ) (consolidated) |
| LENARD JOHNSON, | ) ) Judge George C. Hanks |
| Defendant. | ) |

## PLAINTIFFS' MOTION FOR JUDGMENT UNDER RULE 58

NOW COME Plaintiffs, Richard Winfrey, Jr. and Megan Winfrey, and hereby move for judgment on the verdict pursuant to Federal Rule of Civil Procedure 58, as follows:

## INTRODUCTION

Plaintiffs are moving this Court to enter a judgment pursuant to Federal Rule of Civil Procedure ("Rule") 58. After a week-and-a-half long trial, the jury returned a verdict, finding that Defendant Johnson had knowingly, intentionally or with reckless disregard for the truth made three material omissions in Plaintiffs' arrest-warrant affidavits. The jury then awarded a substantial sum to both Plaintiffs: $750,000 for Plaintiff Richard Winfrey, Jr. for his two years of wrongful detention and $250,000 for Plaintiff Megan Winfrey for her 11 months of wrongful detention. Judgment on that

verdict should be entered by this Court in the form attached hereto as Exhibit A.

## CERTIFICATE OF CONFERENCE

Counsel for all parties have conferred. Defendant Johnson opposes the relief Plaintiffs are seeking.

## LEGAL STANDARD

Rule 58(b)(2) directs the court to promptly enter judgment when "(A) the jury returns a special verdict or a general verdict with answers to written questions . . . ." That Rule applies in this case: The jury returned a general verdict with answers to written questions about whether Defendant Johnson made certain misstatements—a false statement about the drop trail and omissions about the jailhouse snitch David Campbell's reliability.

## ARGUMENT

### I. The jury found that Defendant Johnson made material omissions and awarded substantial damages

As Plaintiffs have argued in response to the Defendant's motion for Rule 58 judgment in his favor, and which Plaintiffs expressly incorporate herein, the jury findings are sufficient to enter Rule 58 judgment in their favor. That is because the omissions relating to Campbell are sufficient to vitiate probable cause.

2

### A. Pretrial rulings limited the scope of the case

The Supreme Court's decision in *Franks v. Delaware*, 438 U.S. 154 (1978) clearly established that a defendant's Fourth Amendment rights are violated if (1) the affiant, in support of the warrant, includes "a false statement knowingly and intentionally, or with reckless disregard for the truth," and (2) "the allegedly false statement is necessary to the finding of probable cause." *Id*. at 155-156.

> As this Court held in its pretrial ruling:
>
> The Fifth Circuit 'conclude[d] that Junior alleges a clearly established constitutional violation." *Id*. As to the first *Franks* prong, the Fifth Circuit found that "Junior provide[d] evidence that Johnson made false statements in his affidavit" and that the record was "sufficient to demonstrate that there is an issue of material fact as to whether Johnson acted intentionally, knowingly, or recklessly." *Id*.
>
> As to the second prong, the Fifth Circuit found "that the corrected affidavit does not contain sufficient information to satisfy the probable-cause requirement." *Id*. at 495.

Dckt No. 232 at 2-3. The only issue left for trial was the "factual issue of whether Johnson acted recklessly, knowingly or intentionally by omitting and misrepresenting material facts in his affidavit when seeking an arrest warrant for Junior." *Winfrey v. Johnson*, 766 Fed. App'x 66, 71 (5th Cir. 2019) ("*Winfrey III*").

### B. The jury finding supports entering judgment in Plaintiffs' favor

The jury found that three of the four misstatements were made knowingly, recklessly or intentionally; that is, each of the material omissions relating to Campbell were made with the requisite *mens rea*. That is sufficient to impose liability.

#### 1. The first *Franks* criteria that Defendant Johnson made material omissions recklessly, knowingly or intentionally is satisfied by the jury's verdict

First, there is no legitimate dispute that making material omissions recklessly or intentionally satisfies the first *Franks* criteria. The Fifth Circuit has long held that *Franks* includes false statements and omissions within its ambit. *Hale v. Fish*, 899 F.2d 390, 400 n.3 (5th Cir. 1990) ("The holding in *Franks* applies to omissions as well."); *see also Kohler v. Englade*, 470 F.3d 1104, 1113 (5th Cir. 2006) ("Likewise, the intentional or reckless omission of material facts from a warrant application may amount to a Fourth Amendment violation."); *Michalik v. Hermann*, 422 F.3d 252, 258 n.5 (5th Cir. 2005) ("The Fifth Circuit has interpreted *Franks* liability to also include liability for an officer who makes knowing and intentional *omissions* that result in a warrant being issued without probable cause.") (italics in original).

Lest there be any doubt on that score, the appellate opinions in *Winfrey* answer it. *Winfrey v. Rogers*, 901 F.3d 483 (5th Cir. 2018) ("*Winfrey II*);

*Winfrey v. Johnson*, 766 Fed. App'x 66 (5th Cir. 2019) ("*Winfrey III*"). In both *Winfrey II* and *Winfrey III*, the Fifth Circuit held that there was an issue of material fact about whether Johnson "recklessly, knowingly, or intentionally made material misstatements and *omitted material information* . . . ." in the arrest-warrant affidavits. *Winfrey II*, 901 F.3d at 484 (emphasis added); *see also Winfrey III*, 766 Fed. App'x at 71. In particular, *Winfrey II* and *Winfrey III* characterized both the false statement about the drop trail and the omissions by jailhouse snitch David Campbell as "false statements" under the *Franks* inquiry. *See, e.g., Winfrey II*, 901 F.3d at 494 ("Under the first prong of *Franks*, Junior must present evidence that Johnson, through material omissions or otherwise, made a 'false statement knowingly and intentionally, or with reckless disregard for the truth.'" (quoting *Franks*, 438 U.S. at 155)).

### 2. The corrected arrest-warrant affidavits do not support a finding of probable cause

Second, the Fifth Circuit already ruled that there was no probable cause for Plaintiffs' arrest-warrant affidavit—period. If the Fifth Circuit thought that probable cause should only be determined after the jury reached its conclusion about which of the misstatements were made recklessly, intentionally or knowingly, it would have said as much, and would not have ruled to the contrary.

Instead, as this Court has held, "[t]he Fifth Circuit has clearly and consistently held that a corrected affidavit would not have established probable cause." Dckt No. 232 at 4. "This clear and consistent holding is on a legal question which the Fifth Circuit has authority to decide as a matter of law." *Id.* at 5; *see also Evan v. DETNTFF*, 330 F.3d 681, 688 (5th Cir. 2003) ("Having reviewed the record in this case, we agree with the district court that Graham lacked probable cause to arrest Evett . . . As already noted, the district court's factual findings in this case are not disputed by the parties . . . Therefore, Evett's constitutional rights were violated."); *see also Hamilton v. Collett*, 83 Fed. App'x 634, 637 (5th Cir. 2003) (finding that evidence known to law enforcement, excluding evidence which plaintiff alleged to be false, "established probable cause as a matter of law"); *Smith v. Edwards*, 175 F.3d 99, 105 (2d Cir. 1999) (courts must "determine whether as a matter of law the corrected affidavit did or did not support probable cause.").

Even if that were not the case, however, this Court can make a determination as a matter of law—just as the Fifth Circuit did—that there is no probable cause when only the omissions relating to Campbell are accounted for in a corrected affidavit (and not also the false statement about the drop trail). The facts adduced at trial clearly support such a finding.

Indeed, there was no probable cause to arrest Plaintiffs without the magistrate crediting Campbell and his reporting that Richard Winfrey, Sr.

6

allegedly confessed to him. Such a conclusion is supported by both the timing of when Defendant Johnson sought the arrest warrants and the testimony at trial.

As to the former, neither Defendant Johnson nor anyone else sought to get a warrant for Plaintiffs' arrest following the drop trail, which occurred in August 2004, and Plaintiffs were not arrested until two-and-a-half years later, after Campbell came forward. Indeed, *Winfrey III* described the misstatement regarding the drop trail as irrelevant, perhaps for that reason. *Winfrey III*, 766 Fed. App'x at 71 ("But the irrelevance of this misstatement does not add probable cause against Megan.").

Consistent with that timing (and description), at trial, Sheriff Rogers explained that the investigation into the murder of Murray Burr was at a standstill until the officers got a "break" when Campbell reached out to them with his story.

But that story was entirely fictional; that is, it was wrong to credit Campbell's statements to the police because they had no indicia of reliability and a reasonable magistrate, knowing the totality of what Campbell said, would not have given his allegations relating to Senior's third-party confession any credence. For that reason, the Fifth Circuit explained that Defendant Johnson's omissions about Campbell "served to undermine his reliability." *Winfrey II*, 901 F.3d at 494.

A jailhouse snitch with no reliability is no snitch at all, which means that all that is left in the affidavit supporting probable cause is what the Defendant knew in 2004—the results of the scent lineup and "irrelevan[t]" drop trail; and questionable propensity statements of Megan Winfrey's former teachers. *Winfrey III*, 766 Fed. App'x at 71. That evidence fell far short of probable cause in 2004 and falls far short today.

*   *   *   *   *

Given that backdrop, there is no dispute that *Franks* is satisfied: Defendant Johnson recklessly, knowingly or intentionally made material omissions in the arrest-warrant affidavits; and those omissions were necessary to a finding of probable cause. Judgment, therefore, should be entered in Plaintiffs' favor.

## CONCLUSION

For all of the reasons described above, judgment should be entered in Plaintiffs' favor, as described in the document attached hereto as Exhibit A.

WHEREFORE, Plaintiffs, Richard Winfrey, Jr. and Megan Winfrey, hereby respectfully request that this Court grant judgment on the verdict for Plaintiffs as described in the attached Exhibit A.

Respectfully Submitted:

s/ Gayle Horn
*One of Plaintiffs' Attorneys*

| | |
|---|---|
| Elizabeth Wang | Gayle Horn |
| Loevy & Loevy | Loevy & Loevy |
| 2060 Broadway, Suite 460 | 311 N. Aberdeen St., 3rd Fl. |
| Boulder, CO 80302 | Chicago, IL 60607 |
| O: 720.328.5642 | O: 312.243.5900 |
| F: 312.243.5902 | F: 312.243.5902 |
| elizabethw@loevy.com | gayle@loevy.com |

## CERTIFICATE OF SERVICE

I, Gayle Horn, an attorney, certify that on March 18, 2020, I filed the foregoing Motion via the Court's electronic filing system and thereby served a copy on all counsel of record.

s/ Gayle Horn

9