UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD WINFREY, JR. AND MEGAN WINFREY, | ) | |
| Plaintiffs, | ) | |
| v. | ) | CIVIL ACTION NO. 4:10-cv-01896 |
| LENARD JOHNSON, | ) | Jury |
| Defendants. | ) | |

DEFENDANT'S REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANT'S
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW

Defendant replies to Plaintiffs' opposition [Doc. 293] to Defendant's renewed motion for judgment as a matter of law as follows:

TABLE OF CONTENTS

ARGUMENT AND AUTHORITIES ..... 1

I. The Court may not consider exhibits to Plaintiffs' brief that were not admitted into the trial record. ..... 1

II. Plaintiff Richard Winfrey failed to prove Sergeant Johnson signed an affidavit that violated the Fourth Amendment. ..... 1

III. The jury was not required at trial to, and did not, find the evidence in the light most favorable to the Plaintiffs. ..... 3

A. Sergeant Johnson's *mens rea* was not the sole issue for trial. ..... 3

B. No prior opinion dictates the law of this case as to the jury's resolution of what the Circuit Court found were unresolved material *facts* ..... 7

C. Every reasonable officer was not on notice he was required to add to the warrant affidavit Sergeant Johnson signed the information the jury determined was omitted from the warrant application. ..... 7

IV. Plaintiffs' failed to refute, or even address, Sergeant Johnson's immunity. ..... 9

V. The independent intermediary doctrine bars Plaintiffs' claims because Plaintiffs failed to prove Sergeant Johnson tainted deliberations of independent intermediaries. ..... 10

CONCLUSION ..... 11

CERTIFICATE OF SERVICE ..... 11

TABLE OF AUTHORITIES

Federal Court Cases

*Anderson v. Creighton*,
483 U.S. 635, 644-45, 107 S. Ct. 3034, 3041-42 (1987) ........ 5
*Bohrer v. Hanes Corp.*,
715 F.2d 213 (5th Cir. 1983) ........ 1
*Club Retro LLC v. Hilton*,
568 F.3d 181 (5th Cir. 2009) ........ 4
*Cuadra v. Houston Independent School District*,
626 F.3d 808 (5th Cir. 2010) ........ 10
*Franks v. Delaware*,
438 U.S. 154, 98 S. Ct. 2674 (1978) ........ 1
*Freeman v. County of Bexar*,
210 F.3d 550 (5th Cir. 2000) ........ 6
*Garris v. Rowland*,
678 F.2d 1264 (5th Cir. 1982) ........ 1, 6
*Graham v. Connor*,
490 U.S. 386, 109 S. Ct. 1865 (1989) ........ 4
*Greason v. Kemp*,
891 F.2d 829 (11th Cir. 1009) ........ 5
*Hale v. Fish*,
899 F.2d 390 (5th Cir. 1990) ........ 8
*Hand v. Gary*,
838 F.2d 1420 (5th Cir. 1988) ........ 10
*Hart v. O'Brien*,
127 F.3d 424 (5th Cir. 1997) ........ 4, 6
*Jennings v. Patton*,
644 F.3d 297 (5th Cir. 2011) ........ 10
*Kohler v. Englade*,
470 F.3d 1104 (5th Cir. 2006) ........ 8, 10
*Malley v. Briggs*,
475 U.S. 335, 106 S. Ct. 1092 (1986) ........ 4
*McCoy v. Hernandez*,
203 F.3d 371 (5th Cir. 2000) ........ 9
*Mendenhall v. Riser*,
213 F.3d 226 (5th Cir. 2000) ........ 6
*Michalik v. Hermann*,
422 F.3d 252 (5th Cir. 2005) ........ 8
*Mitchell v. Forsyth*,
472 U.S. 511, 105 S. Ct. 2806 (1985) ........ 6
*Presley v. City of Benbrook*,
4 F.3d 405 (5th Cir. 1993) ........ 10

*Reese v. Gray*,
No. 1:06CV126-SA-JAD, 2011 U.S. Dist. LEXIS 8126 (N.D. Miss. Jan. 27, 2011) .......... 5

*Saucier v. Katz*,
533 U.S. 194, 121 S. Ct. 2151 (2001) .......... 6

*Spann v. Rainey*,
987 F.2d 1110 (5th Cir. 1993) .......... 10

*Taylor v. Gregg*,
36 F.3d 453 (5th Cir. 1994) .......... 10

*Winfrey v. Rogers*,
882 F.3d 187 (5th Cir. 2018) .......... 7, 9

## ARGUMENT AND AUTHORITIES

### I. The Court may not consider exhibits to Plaintiffs' brief that were not admitted into the trial record.

1. The Court's consideration of a motion under Rule 50 is based only on evidence admitted into the trial record. *C.f., Bohrer v. Hanes Corp.*, 715 F.2d 213, 216 (5th Cir. 1983). Thus, the items Plaintiffs attached to their brief in opposition to Defendant's motion for judgment as a matter of law as exhibits B, C, G, and H, none of which were admitted at trial for any purpose, should be stricken. Defendant, objects to Plaintiffs' efforts to supplement the record upon which the Court must rely, although **Plaintiffs' misguided late-effort demonstrates that even Plaintiffs realize the trial record is insufficient to support a judgment in their favor**.

### II. Plaintiff Richard Winfrey failed to prove Sergeant Johnson signed an affidavit that violated the Fourth Amendment.

2. Tellingly, Plaintiff Richard Winfrey ignores the elephant in the room that is Winfrey's burden of proving Sergeant Johnson included a false statement knowingly or intentionally, or with reckless disregard for the truth, *in the arrest warrant affidavit he signed requesting Richard Winfrey, Jr.'s arrest*. *See Franks v. Delaware*, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 2676 (1978). Richard Winfrey entirely shirks his burden of proof (Docket No. 265, p. 3). *See Garris v. Rowland*, 678 F.2d 1264, 1270-71 (5th Cir. 1982).

3. Instead of addressing that most basic failure of his evidentiary burden, Richard Winfrey attempts to sidestep his fatal problem with two insupportable arguments. First, Richard Winfrey argues the affidavit for his arrest was not destroyed at all. However, that admission only further supports Defendants' point. Richard Winfrey now admits that,

beyond his burden to prove the *actual contents* of the arrest warrant affidavit, he has no excuse for his failure to meet this burden at trial. The Court should not accept Richard Winfrey's effort at sleight of hand. As the record shows, *after* Sergeant Johnson's employment by San Jacinto County concluded, Richard Winfrey sought and obtained a judicial expunction order that, properly applied, prevented Sergeant Johnson from gaining access to the warrant affidavit he signed seeking Richard Winfrey, Jr.'s arrest. [Doc. Nos. 293-1; 293-4, p. 200; 256-4]. While Plaintiffs direct the Court to Sergeant Johnson's testimony that he does not personally know what became of the arrest warrant affidavit after he placed a copy in the Sherriff's office file, this argument is irrelevant to the real issue of whether Sergeant Johnson had access to the arrest warrant affidavit he signed after Richard Winfrey sought and obtained the expunction order. Plaintiffs' own argument, citing the expunction statute, establishes the affidavit was required to be either returned to the criminal court or obliterated. [Docket No. 293, p. 11]. Plaintiffs' *theory* that County officials, other than Sergeant Johnson, may have misapplied the expunction to other records are of no significance to the facts **Plaintiff had the burden of proof to show the content of the affidavit Winfrey had destroyed,** and that Sergeant Johnson was unfairly prejudiced by Winfrey's failure to produce in discovery and admit into evidence at trial the content of the affidavit Sergeant Johnson signed. While Plaintiffs fail to explain why Richard Winfrey did not admit into evidence at trial the arrest warrant affidavit that only Winfrey had a right to access from the criminal court under TEX. CRIM. PROC. 55.02, this argument goes well beyond the point that, regardless of the reason for his failure, **Richard Winfrey failed on this element of his burden of proof**.

4. Plaintiff's second argument, that evidence admitted at trial proved the affidavit Sergeant Johnson signed for Richard Winfrey, Jr.'s arrest was identical to Megan Winfrey's affidavit, is simply belied by the admitted evidence. Sergeant Johnson explicitly testified that he does not know if the content of the affidavits are the same. [Doc. No. 293-4, pp. 152-53, p. 161]. This testimony was not refuted by any witness or document admitted at trial and Plaintiffs have not cited any evidence admitted at trial that proved the affidavit Sergeant Johnson signed for Richard Winfrey's arrest violated the Fourth Amendment.[1]

5. Regardless these excuses and arguments about *why* Richard Winfrey failed to satisfy his burden clearly acknowledge Winfrey's failure to prove this essential element of his claim. Richard Winfrey did not obtain a jury verdict establishing he had proven the affidavit supporting the warrant for his arrest violated the Constitution. Having failed – as Richard Winfrey's excuses tacitly admit – to prove this basic essential element of his claim, requires judgment in favor of Sergeant Johnson.

## III. The jury was not required at trial to, and did not, find the evidence in the light most favorable to the Plaintiffs.

### A. Sergeant Johnson's *mens rea* was not the sole issue for trial.

6. Contrary to the argument that underlies virtually all of the Plaintiffs' arguments, the term "*mens rea*" is not even present in any *Winfrey* Fifth Circuit opinion, and Sergeant Johnson's *mens rea* was certainly not the only issue for the jury's consideration

---

[1] Sergeant Johnson fully addressed Plaintiffs' argument the Fifth Circuit's interlocutory opinion determined this *disputed factual issue* in his opening brief. Plaintiffs' misunderstanding of a the stark difference between a ruling reversing a summary judgment and Plaintiffs' burden of proof at trial needs no further explication.

in light of Plaintiffs' trial burden and well-settled controlling authority. To the contrary, the objective reasonableness of Sergeant Johnson's conduct under the facts the jury found based on the limited evidence it was permitted to review, and the separate qualified immunity question of whether *any* objective officer could have reasonably believed Sergeant Johnson's affidavits established probable cause for the Plaintiffs' arrests are not even addressed by any discussion of Sergeant Johnson's subjective *mens rea*. Indeed, it is axiomatic that;

> the 'reasonableness' inquiry in [a Fourth Amendment] case is an objective one: the question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.

*Graham v. Connor*, 490 U.S. 386, 397, 109 S. Ct. 1865, 1872 (1989) (citations omitted); See also, *Club Retro LLC v. Hilton*, 568 F.3d 181, 204 (5th Cir. 2009) (objective reasonableness test applies to claims of arrest in violation of the Fourth Amendment). Immunity is resolved without regard to the officer-defendant's alleged malicious intent. In addressing immunity the even broader "crucial issue 'is whether a reasonably well-trained officer in [the defendant's] position **would have known** that the affidavit failed to establish probable cause and that he should not have applied for the warrant.'" *Hart v. O'Brien*, 127 F.3d 424, 444 (5th Cir. 1997) (quoting, *Malley v. Briggs*, 475 U.S. 335, 345, 106 S. Ct. 1092, 1098 (1986)) (emphasis added). Both as to the constitutional question and the separate issue of immunity, which the Court did not allow the jury to consider despite the fact immunity remained an open and fact-dependent question as the Fifth Circuit found, Defendant's *mens rea* is not only not dispositive, it is not even relevant.

7. As to immunity, which Plaintiffs had the burden to disprove, Plaintiffs' argument that Sergeant Johnson's *alleged* violation of the Fourth Amendment under *Franks*, standing alone deprived Sergeant Johnson of immunity could not more obviously invite this Court to err in inappropriately conflating these separate issues. In *a case quite similar to the one at bar,* the court initially granted summary judgment which was reversed by the Fifth Circuit and trial ordered on the plaintiff's Fourth Amendment claim, the court granted judgment to defendants after a jury found a constitutional violation but also, answering the *appropriately submitted qualified immunity question*, found reasonable officers could have believed, albeit incorrectly under the constitutional standard, their conduct was reasonable, the court explained and applied this distinction quite clearly:

> Conflating the qualified immunity issue to merely whether a Fourth Amendment violation occurred would make the two-step inquiry of a constitutional violation plus objective reasonableness redundant and perverse. That is, if every finding of a constitutional violation automatically resulted in liability, the very notion of immunity would be a nullity. Likewise, the doctrine of qualified immunity would be unnecessary if it only applied to situations when no constitutional right or violation existed – government officials would need no immunity if they did nothing "wrong." **Qualified immunity is only meaningful if it shields government officials from trial and liability when they would otherwise be liable**.

*Reese v. Gray*, No. 1:06CV126-SA-JAD, 2011 U.S. Dist. LEXIS 8126, at *46-47 (N.D. Miss. Jan. 27, 2011) (citing, *inter alia, Anderson v. Creighton*, 483 U.S. 635, 644-45, 107 S. Ct. 3034, 3041-42 (1987)) (emphasis added).

8. "If qualified immunity were available only when a jury could not find a constitutional tort, the doctrine of qualified immunity would be 'superfluous.'" *Greason v. Kemp*, 891 F.2d 829, 841 (11th Cir. 1009) (Edmondson, J., dissenting) ("Both this

court and the Supreme Court have stressed repeatedly that the law defining a constitutional tort must be clearly enough established to make it "apparent" to a potential defendant that "what he is doing" is unconstitutional.") "[T]he [Supreme] Court has recognized that a question of immunity is separate from the merits of the underlying action." *Mitchell v. Forsyth*, 472 U.S. 511, 528, 105 S. Ct. 2806, 2817 (1985). Unlike the separate question of a constitutional violation, '[t]he concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular police conduct." *Saucier v. Katz*, 533 U.S. 194, 205, 121 S. Ct. 2151, 2158 (2001). A Fourth Amendment violation is not dispositive of the *separate* immunity issue in arrest warrant cases analyzed under *Franks*. *See Mendenhall v. Riser*, 213 F.3d 226, 230-37 (5th Cir. 2000); *Freeman v. County of Bexar*, 210 F.3d 550, 553 (5th Cir. 2000); *Hart*, 127 F.3d at 444-45; *Garris*, 678 F.2d at 1271-74.

9. It is now beyond argument, but also unavailing at this point that, like the plaintiff in *Reese*, *supra.*, in the summary judgment proceedings, Plaintiffs "satisfied [their] burden of showing that there is an issue of material fact as to whether [Sergeant] Johnson violated [a Plaintiff's] clearly established rights, and [they were, like the plaintiff in *Reese*] entitled to present [their] case to the factfinder." *Winfrey*, 901 F.3d at 496. But, in following the Circuit Court's mandate to address the questions of material fact, this Court cannot blind itself to the equally undeniable fact that the Fifth Circuit also made clear that one of the reasons the panel entered a substituted opinion in *Winfrey II* that superseded its

initial opinion[2] was to clarify that "it [is Winfrey's] burden to overcome qualified immunity, not [Sergeant] Johnson's burden to show that qualified immunity applies." *Winfrey*, 901 F.3d at 487-88. As in *Reese*, and consistent with the Circuit's *binding* opinion in *Winfrey II*, on trial after remand each plaintiff had the burden of proving *both* a constitutional violation, as well as disproving the presumption that Defendant Johnson was immune from liability, *even if the jury found he violated the Fourth Amendment*.

**B. No prior opinion dictates the law of this case as to the jury's resolution of what the Circuit Court found were unresolved material *facts*.**

10. Plaintiffs' insupportable arguments lie on the whimsical notion the jury's resolution of factual disputes differently than the court of appeals *assumed* the facts when it applied the deferential standard to review of a summary judgment. The absurdity of Plaintiffs' illogical argument is apparent: the Fifth Circuit opinions are premised on facts the Circuit Court *assumed*, as required, that are based on evidence different from that the jury heard and factual findings the jury ultimately determined after weighing the evidence it was permitted to see[3], and the court of appeals has never analyzed or applied the relevant legal standards in this case to the facts the jury determined.

**C. Every reasonable officer was not on notice he was required to add to the warrant affidavit Sergeant Johnson signed the information the jury determined was omitted from the warrant application.**

11. In attempting to remedy their clear failure to address, let alone prove their burden of disproving immunity, Plaintiffs now present *ad hoc*, self-serving *arguments* devoid of relevant context that are not based on trial evidence. Plaintiffs' general argument that, in

---

2 *Winfrey v. Rogers*, 882 F.3d 187 (5th Cir. 2018).

3 Much of the evidence relevant to both liability and immunity was excluded at trial.

some factual scenario not presented by the evidence in this case, an omission in a warrant affidavit may violate the Fourth Amendment provides no basis for supporting Plaintiffs' claims. The cases Plaintiffs cite in their brief reveal the folly in Plaintiffs' arguments directed at attempting to fix their immunity problem *post hoc*. *Compare, Kohler v. Englade*, 470 F.3d 1104 (5th Cir. 2006); *Michalik v. Hermann*, 422 F.3d 252 (5th Cir. 2005); and *Hale v. Fish*, 899 F.2d 390 (5th Cir. 1990). The Fifth Circuit did not decide *Kohler* or *Michalik* under *Franks*. Notwithstanding information omitted from the *Kohler* affidavit, the affidavit failed on its face to establish probable cause so *Franks* analysis was not appropriate. *Id*. at 1113-14. Notably as well, the officer in *Kohler* did not assert qualified immunity. *Kohler*, 470 F.3d at 1113 n.8. In *Michalik*, there was no evidence any officer omitted material information from the warrant affidavit. *Michalik*, 422 F.3d at 258. So *Kohler* and *Michalik* provide no support for Plaintiffs' claims or arguments.

12. Unlike the case before this Court, the affidavit in *Hale* included a combination of false and misleading statements, as well as material omissions. *Hale*, 899 F.2d at 398. Additionally, the nature of the omitted information in *Hale* was much different than the information Sergeant Johnson left out of his affidavit. In *Hale*, the officer omitted information from several witnesses that contradicted the contention *a crime occurred at all*. *Id*. at 400. The information Sergeant Johnson did not add to his affidavit merely indirectly called informant Campbell's reliability into question. This obvious distinction in the nature of the information omitted from the affidavits, and the inclusion of false and misleading statements in the *Hale* affidavit, clearly distinguish *Hale* from the case before this Court. Importantly, however, the *Hale* court analyzed all of the elements necessary to

support a Fourth Amendment claim *and the immunity defense* on a trial record. The Plaintiffs in the instant case ask, otherwise, that this Court to ignore the trial record and decide this case on a summary judgment record the jury expressly rejected.

13. Simply put, the evidence admitted at trial is insufficient to prove that every reasonable officer would have known he was required to add to the warrant affidavit Sergeant Johnson signed the information the Court told the jury was omitted from the warrant application, so Sergeant Johnson is entitled to judgment as a matter of law. *See McCoy v. Hernandez*, 203 F.3d 371, 376 (5th Cir. 2000) and *Reese, supra.*

**IV. Plaintiffs' failed to refute, or even address, Sergeant Johnson's immunity.**

14. Contrary to Plaintiffs' bald argument that the *Winfrey* appellate opinions obviously belie – Plaintiffs fail to explain why the *Winfrey II* panel re-wrote their opinion to make clear, *inter alia*, that Plaintiffs had the burden to disprove immunity at trial - the Fifth Circuit did not even *decide* Sergeant Johnson violated clearly established law, let alone that no reasonable officer could have acted as Sergeant Johnson did at the time. Rather, the Circuit Court found no more than it was required to address an appeal from a summary judgment: Plaintiffs "satisfied [their] burden of showing that there is an issue of material fact as to whether [Sergeant] Johnson violated [a Plaintiff's] clearly established rights, and he is entitled to present his case to the factfinder." *Winfrey*, 901 F.3d at 496. Plaintiffs bore the burden at trial to disprove immunity, and that fact cannot be clearer from the very opinion upon which Plaintiffs base their insupportable argument: "[I]t [is Winfrey's] burden to overcome qualified immunity, not [Sergeant] Johnson's burden to show that qualified immunity applies." *Winfrey*, 901 F.3d at 487-88.

15. Plaintiffs *alleged* Sergeant Johnson violated a generally established constitutional right and avoided pre-trial dismissal of their claims.

> Of course, at trial, [Plaintiffs] **will bear the burden of proving the facts [] considered [on summary judgment] in the light most favorable to [Plaintiffs].** And, of course, our inability to now conclude that [the officer's] actions were objectively reasonable **does not end the inquiry**. In sum, in order to establish [the officer's] liability, and assuming that [the officer] will continue to assert qualified immunity, [Plaintiffs] **must still prove the elements for his [Fourth Amendment] claim**, **and** that [the officer's] **actions were not objectively reasonable in light of clearly established law** [].

*Spann v. Rainey*, 987 F.2d 1110, 1116 (5th Cir. 1993) (emphasis added).

16. "[A]n officer may make mistakes that infringe constitutional rights and yet not be held liable where, given unclear law or uncertain circumstances, it cannot be said that []he knew []he was violating the person's rights." *Presley v. City of Benbrook*, 4 F.3d 405, 409 (5th Cir. 1993). Plaintiffs failed to disprove Sergeant Johnson's immunity.

## V. The independent intermediary doctrine bars Plaintiffs' claims because Plaintiffs failed to prove Sergeant Johnson tainted deliberations of independent intermediaries.

17. It's clear, but curious, that Plaintiffs' position is that no trial was even necessary. Plaintiffs' argument on every ground is that the Court of Appeals has already conclusively decided all elements of Plaintiffs' burden in reviewing this Court's summary judgments so that Plaintiffs had won before the trial, and the trial was just a formality. Contrary to Plaintiffs' unremitting arguments to the contrary, Plaintiffs had the burden at trial of proving *every element* of their claims. *Compare Jennings v. Patton*, 644 F.3d 297, 301 (5th Cir. 2011); *Cuadra v. Houston Independent School District*, 626 F.3d 808, 813 (5th Cir. 2010); *Taylor v. Gregg*, 36 F.3d 453, 456 (5th Cir. 1994); *Hand v.*

*Gary*, 838 F.2d 1420, 1428 (5th Cir. 1988). The independent intermediary doctrine is but another burden Plaintiffs shirked. Plaintiffs admit they failed to address, and certainly failed to prove, that Sergeant Johnson tainted the deliberations of independent intermediaries, so Sergeant Johnson is entitled to judgment in his favor on that independent ground as well.

CONCLUSION

18. For any and certainly all of these reasons, the Court should enter judgment in Sergeant Johnson's favor as a matter of law, if the Court finds Sergeant Johnson is not entitled to judgment based on the jury's verdict.

Respectfully submitted,

By: *William S. Helfand*
WILLIAM S. HELFAND
SBOT: 09388250
NORMAN RAY GILES
SBOT: 24014084

OF COUNSEL:

LEWIS BRISBOIS BISGAARD & SMITH, LLP
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: (713) 659-6767
Facsimile: (713) 759-6830
ATTORNEYS FOR DEFENDANT

CERTIFICATE OF SERVICE

I certify I have forwarded a true and correct copy of the foregoing to Plaintiffs in accordance with the District's ECF service rules on this 11th day of May, 2020:

Elizabeth Wang
elizabethw@loevy.com
Gayle Horn
gayle@loevy.com

Attorneys for Plaintiffs

/s/ *William S. Helfand*