United States District Court
Southern District of Texas
**ENTERED**
August 20, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHARD WINFREY JR., | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NOs. 4:10-CV-1896 |
| | § | and 4:14-CV-0448 |
| | § | |
| SAN JACINTO COUNTY, *et al*, | § | |
| | § | |
| Defendants. | | |

## ORDER

Before the Court are the Winfreys' and Johnson's cross-motions for judgment: Johnson's Opposed Motion for Judgment on the Verdict (Dkt. 271) and Opposed Renewed Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50 (Dkt. 272), and the Winfreys' Motion for Judgment Under Rule 58. Dkt. 274.

Megan Winfrey and Richard Winfrey Jr. brought these two, now-consolidated actions against the Texas Rangers, San Jacinto County, Fort Bend County, and sheriffs and sheriff's deputies from those counties in 2010 and 2014, respectively. The basic facts and procedural history are set out more fully in the opinions of the United States Court of Appeals for the Fifth Circuit. *Winfrey v. Rogers*, 901 F.3d 483 (5th Cir. 2018) ("*Winfrey II*"), *cert. denied sub nom. Johnson v. Winfrey*, 139 S. Ct. 1549 (2019); *Winfrey v. Johnson*, 766 F. App'x 66 (5th Cir. 2019) ("*Winfrey III*"), *cert. denied*, 140 S. Ct. 377 (2019). In summary, the Winfreys alleged that San Jacinto County Deputy Sheriff Lenard Johnson violated their constitutional rights by presenting to a judge a warrant for their arrest for capital murder which contained material factual misstatements and omissions.

After nearly ten years of litigation, including multiple appeals to the Court of Appeals, the Winfreys' remaining claims against Johnson were re-assigned to this Court. Dkt. 169.

In its rulings on the Winfreys' appeals, the Court of Appeals issued a clear mandate to the district court. *Winfrey II*, 901 F.3d at 493; *Winfrey III*, 766 F. App'x at 71. In its order remanding Richard Winfrey, Jr.'s case, the Court of Appeals concluded that "[t]he primary question on remand appears to be whether Johnson acted recklessly, knowingly, or intentionally by presenting the judge with an arrest-warrant affidavit that contained numerous omissions and misstatements." *Winfrey II* at 498. The Fifth Circuit also emphasized that the case was remanded for "trial without delay in a manner not inconsistent with this opinion." *Id.* The Court of Appeals reiterated this ruling when it remanded Megan Winfrey's appeal. *Winfrey III* at 71 ("[T]he panel vacated the district court's judgment and remanded for trial 'on the factual issue of whether Johnson acted recklessly, knowingly, or intentionally by omitting and misrepresenting material facts in his affidavit when seeking an arrest warrant for Junior.'").

In accordance with the Court of Appeals' rulings, this Court promptly consolidated the two Winfreys' cases, set them for trial, and presided over the parties' presentation of evidence to a jury on the issue of whether Johnson acted recklessly, knowingly, or intentionally by omitting and misrepresenting material facts in his affidavits when seeking arrest warrants for the Winfreys.

After nine days of trial, the jury found that Johnson "knowingly and intentionally, or with reckless disregard for the truth, . . . omit[ted] the following information in the arrest-warrant affidavit[s] for" both of the Winfreys' arrests: "omitting David Campbell's

statement that Burr was both stabbed and shot, although he was only stabbed," "omitting David Campbell's statement that Richard Winfrey, Sr., had cut off Burr's body part, which was contradicted by the physical evidence," and "omitting that David Campbell identified a cousin as participating in the murder with Richard Winfrey, Sr., instead of Megan Winfrey and Richard Winfrey, Jr." Dkt. 266 at 1–2. The jury found that the "sum of money, if paid now in cash," that "would fairly and reasonably compensate Plaintiff Megan Winfrey for damages" which they "found Defendant Lenard Johnson's wrongful conduct caused" her was $250,000. Dkt. 266 at 3. They found that the sum that would fairly and reasonably compensate Richard Winfrey, Jr. was $750,000. Dkt. 266 at 3.

The Court finds that the evidence presented at trial supports this verdict, and that the law supports entry of judgment for the Winfreys in accordance with the verdict.

Accordingly, the Winfreys' Motion for Judgment Under Rule 58 (Dkt. 274) is **GRANTED**. Johnson's Opposed Motion for Judgment on the Verdict (Dkt. 271) and Opposed Renewed Motion for Judgment as a Matter of Law under Federal Rule of Civil Procedure 50 (Dkt. 272) are **DENIED**.

The Court will separately enter final judgment.

SIGNED at Houston, Texas, this 20th day of August, 2020.

                                              */s/ George C. Hanks, Jr.*
                                              GEORGE C. HANKS, JR.
                                              UNITED STATES DISTRICT JUDGE